### DE BRUCE v. PENNSYLVANIA R. CO.
Civil Action No. 5477.

District Court, E. D. Pennsylvania.
Feb. 19, 1947.

404

B. Nathaniel Richter, of Philadelphia, Pa., for plaintiff.

Philip Price, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The most important question presented by these objections may be stated as follows: May the defendant in a negligence case, in answer to a written interrogatory under Federal Rules of Civil Procedure, rule 33, 28 U.S.C.A. following section 723c, be required as part of its answer to attach a copy of a witness's signed statement, taken by it immediately after the accident, the statement not having been taken by its attorney and not containing any matter of opinion or anything other than a factual account of the accident?

The defendant contends that the decision of the Supreme Court in Hickman v. Taylor, 67 S.Ct. 385, 387, forbids the disclosure asked for, and that it is to be gathered from the opinion in that case that disclosure of the contents of such a statement can be compelled only by proceeding under Rule 34 as though for production of an original document—a method which, under the Rule, requires a showing of "good cause."

I do not think that the defendant's contention as to the scope and effect of the opinion in Hickman v. Taylor can be sustained. A careful reading of it indicates that the Court at no point intended to deal with anything beyond the specific problem before it—a problem which it stated so plainly as to admit of little question. The first sentence of the opinion is "This case presents an important problem under the Federal Rules of Civil Procedure, * * * as to the extent to which a party may inquire into oral and written statements of witnesses, or other information, secured by an adverse party's counsel in the course of preparation for possible litigation after a claim has arisen," and later on the Court says "And the basic question at stake is whether any of those devices may be used to inquire into materials collected by an adverse party's counsel in the course of preparation for possible litigation." Throughout the opinion at every point at which occasion arose the Court explicitly stated that what was under review was discovery procedure directed to the disclosure of statements obtained by an attorney for his client in preparation for trial. At the heart of the opinion lies a discussion by the Court of the historical function and status of a lawyer which is far too strongly emphasized to admit of the inference, which the defendant draws, that the Court meant to rule upon any question unconnected with the lawyer's part in the judicial process.

The Court necessarily discussed the procedure which brought the question before it. The District Court's contempt order ran against two respondents, the lawyer and his lay clients, the tug owners. The Court construed the District Court's order as having been issued under Rule 34 (noting, however, that the petitioner had asked for it under Rule 33 and the order itself mentioned both rules) and pointed out that the Circuit Court felt that Rule 26 was the one really involved—an incorrect view, the Supreme Court says, because the petitioner did not direct these interrogatories either to the tug owners or to the lawyer by way of deposition. As to the proper procedure against the lawyer, the Supreme Court said that the only recourse was to take his deposition under Rule 26 and to attempt to

force him to produce the materials by use of a subpoena duces tecum in accordance with Rule 45. As to the tug owners, the Court said no more than * that, under Rule 33 (admittedly applicable to them for "permissible interrogatories"), they could not, without a showing of circumstances of prejudice or possible injustice, be compelled to disclose, by producing a copy, the contents of a statement obtained by their lawyer in preparation for litigation.

This is as far as the Court went in dealing with the question. Anything directed beyond the problem in hand would have been dictum and, while there have been plenty of cases in which the Court has included dicta in its opinion, this particular case appears from the reading of the opinion to be one in which it meticulously avoided making any statements broader than the precise question before it.

■ The practice of obtaining copies of the statements of witnesses in answer to interrogatories without an extrinsic showing of good cause, as that term is used in Rule 34, or of prejudice arising from denying the disclosure, has always been considered proper by this Court and was, impliedly, sanctioned by the Circuit Court of Appeals in its opinion in Hickman v. Taylor, 153 F.2d 212. Inasmuch as the decision of the Supreme Court does not forbid or disapprove it, it will be continued as heretofore, and the practice as further outlined in the opinion in Nedimyer v. Pennsylvania R. R., D.C., 6 F.R.D. 21, will be adhered to.

It is to be noted that the problem presented is not entirely one of production of a document. Although the plaintiff has asked for a paper which, I suppose, answers to the description of "a document," the same problem would have been presented had he asked the defendant to disclose the substance of what a witness or witnesses told its claim agent. The nature of the disclosure in question may be illustrated by supposing a case in which the defendant's entire knowledge of what occurred had been derived from a single eyewitness, who had

given a written statement, and the interrogatories, in substance, called for a full statement of the facts of the accident as known to the defendant. Any careful, honest lawyer preparing answers to those interrogatories for his client would perforce include in them the substance of what was in the witness's statement, no more and no less and, in fact, he could do no better than give the statement word for word. Nor can there be any doubt that he could be required to give the name of the witness from whom his client obtained its knowledge. Thus it can be seen that what is really asked for is a disclosure of facts and an identification of the source from which they have been obtained; and to deal with the question as though it involved merely a request for the inspection of an original document seems to me a misleading formalism.

■ If this is the correct approach, then I can see no answer other than that the disclosure of this information is in accord with the broad and liberal objectives of the discovery provisions of the Rules of Civil Procedure, reaffirmed in no uncertain terms by both the Circuit Court of Appeals and the Supreme Court in the Hickman case.

The Supreme Court clearly recognized that these objectives involve more than disclosure of bare facts. The Court said: "Such written statements and documents might, under certain circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts. Or they might be useful for purposes of impeachment or corroboration. * * * Were production of written statements and documents to be precluded under such circumstances, the liberal ideals of the deposition-discovery portions of the Federal Rules of Civil Procedure would be stripped of much of their meaning."

In the light of the excerpt from the opinion of the Supreme Court quoted above, another illustration may be given which may help to emphasize the point. Suppose

---

* This is not quite true of Justice Jackson's concurring opinion in which he took occasion to say: "Production of such statements (i. e. written statements signed by witnesses and obtained by a lawyer) are governed by Rule 34." However, in view of the carefully limited discussion of the Court's opinion, it would appear that in this he was not speaking for the Court.

a case in which there were two eyewitnesses to an accident and their statements, taken by the defendant, were in direct conflict, one disclosing facts which make the defendant liable and the other facts which entirely absolve it. Were the inquiry to be limited to bare facts, the defendant (assuming that it believed that the first mentioned was the true version) could honestly state those facts and no others. How could the plaintiff then show "good cause" under Rule 34 for obtaining the version of a witness whose account he had no reason to believe and could not aver was in any way different from the facts as set forth in the defendant's answers. The same considerations would apply if a witness, having given a statement to the defendant, later repudiated it.

The Supreme Court said "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he had in his possession" and it seems obvious that the Court did not intend to emasculate the Rule by making the questioned party the sole judge of what the relevant facts are, but meant that he should disclose all the information which he had received and designate the sources from which he had received it.

True, the plaintiff might resort to the more cumbersome and expensive procedure of first filing an interrogatory asking for the names of all witnesses from whom all statements have been obtained and then proceeding to examine them by deposition, but that would not obtain the statements themselves since such witnesses do not ordinarily retain copies and are not likely to remember exactly what they said. Or, if by this roundabout method he might in some way get what he needed, there still would be no sound reason for denying him the simple and direct means of doing the same thing.

The view expressed in this opinion is grounded upon the proposition that the statement of a witness taken immediately after the accident, on the spot as it were, is a catalyst of unique value in the development of the truth through the judicial process. If this is so (and I believe that any experienced trial judge would agree that it is), then every consideration of the efficient working of that process, as well as fairness, requires that it be available to both parties, no matter which one obtained it.

This Court has ample power and is vested with broad discretion to control the scope of interrogatories and to deny compulsory answers where they are unnecessary, burdensome, or filed in bad faith for ulterior purposes. However, even if the whole problem be (wrongly, I think) assimilated to the question of production of documentary originals and if good cause be required, either by applying Rule 34 or by some other process of reasoning, I would not consider it necessary for the plaintiff to show more than that the accident occurred a considerable time, say a year, ago, that the defendant through its claims department immediately interviewed witnesses and took statements, that the plaintiff was not in a position to do so until the bringing of suit and after the lapse of considerable time.