**WUNDERLY et al. v. UNITED STATES.**

No. 7341.

United States District Court,
E. D. Pennsylvania.

Oct. 14, 1948.

John M. Smith, Jr., of Philadelphia, Pa., for plaintiffs.

Thomas J. Curtin, Asst. U. S. Atty., of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This is a motion under Rule 37, Federal Rules of Civil Procedure, 28 U.S.C.A., to compel the United States, as party defendant, to make further answer to interrogatories submitted to it. It raises the troublesome issues inherent in applying the discovery procedure of the Federal Rules of Civil Procedure to the government or its agencies.

Plaintiffs brought suit under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq. (Revised), alleging that their automobile was struck by a jeep driven by a member of the Armed Forces. The nub of the controversy is whether the driver of the jeep was within the scope of his employment at the time of the collision. Plaintiffs filed interrogatories under Rule 33, requesting, inter alia, copies of statements made by the driver of the jeep, and his superiors. The government furnished plaintiffs with copies of statements made by the driver and his immediate superior. However, it refused to furnish a copy of the statement of the next superior officer, a major, alleging that the only statements he made were "in official army correspondence between him and his commanding officer which are official United States army documents and not subject to review by outside parties." Plaintiff has moved for an order to compel answer to this interrogatory.

The main outlines of this controversy have been litigated before in this District, and in O'Neill v. United States, D.C., 79 F.Supp. 827, Judge Kirkpatrick refused to accept the position urged here by the government. That case involved a similar refusal under Rule 33 to furnish copies of statements: there it was statements of witnesses taken by Agents of the F.B.I. The government argued that under 5 U.S.C.A. § 22, the Attorney General has made the files of the Department of Justice confidential, forbidding disclosure of their contents without his permission. Department of Justice Order 3229 of May 2, 1939, 11 F.R. 4820. Accordingly, the government contended, the assertion of privilege in answer to interrogatories could not be questioned by the judiciary. However, Judge Kirkpatrick ruled, in effect, that this kind of statutory privilege could not be invoked in cases under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., which put "the government in all respects upon a par with private individuals in litigation under that Act." He further pointed out that while Congress could not authorize the issuance of compulsory process against the Attorney General, it was within its province, in consenting to suits against the government, to accept the procedural consequences under the Rules for failure to grant discovery. It was implicit in the discussion in the O'Neill case that the matter sought by the discovery procedure was not privileged within the meaning of Rule 26;. i.e., no military or diplomatic secrets, protected by the common law concept of privilege, were involved.

I feel that the basis of the O'Neill case controls the issues here, as well. The Federal Tort Claims Act, like the Suits in Admiralty Act, is a broad grant by the government of consent to be used, placing itself, in respect to claims dealt with by the Act, on a par with private litigants. The United States Attorney asserts, as in the O'Neill case, a privilege arising under 5 U.S.C.A. § 22, to protect documents in the files of the Department of Justice. Cf. Bank Line v. United States, D.C., 76 F.Supp. 801. No contention is made—in fact, the contrary is conceded,—that any military secrets, possibly protected by the scope of common law privilege, are involved. Nor is privilege claimed under the authority of any other statute. Accordingly, therefore, I feel that the motion to require further answer should be granted. Should the government refuse to furnish the statement sought, the procedural consequences under Rule 37, as in the O'Neill case, would be applicable in the discretion of the Court.