## McCAFFREY et al. v. UNITED STATES.

United States District Court
S. D. New York.

March 24, 1952.

Greengold & Byrne, New York City (A. Harold Frost, New York City, of counsel), for plaintiffs.

Myles J. Lane, U. S. Atty., New York City, John D. Kelly, Asst. U.S. Atty., New York City, for defendant.

CONGER, District Judge.

The plaintiffs move (1) for the production for inspection pursuant to Rule 34, F.R.C.P., 28 U.S.C.A., of written reports and statements made by the operator of the United States mail truck involved in the accident; reports and investigation statements made by the Post Office Inspectors concerning the accident; witnesses' statements obtained by the Post Office, Inspectors' diagrams or surveys of the scene; and all other papers and documents relating to the accident, (2) to increase the amount demanded in the complaint on behalf of the infant plaintiff from $10,000 to $25,000.

Rule 34 requires a showing of good cause by a party seeking the production of documents, etc. The decisions interpreting "good cause" run the gamut from the extremely liberal view of De Bruce v. Pennsylvania Railroad Co., D.C.E.D.Pa.1947

6 F.R.D. 403 to the more exacting requirements of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. It is generally thought, however, that the Hickman rule is controlling only where the "work product" of the attorney is involved. On the other hand, the De Bruce view is not generally followed by the cases. See Moore's Federal Practice, § 34.08 on all this.

The "good cause" offered in support of the present application consists of the absence of information given in the accident report filed by the operator of the mail truck with the Commissioner of Motor Vehicles. But the plaintiffs have already examined the operator and there is no showing that they are unaware of witnesses or need the material to prepare their case otherwise. In fact the plaintiffs waited until the day of trial before they attempted to get this material by subpoena. I am of the opinion that they have failed to show "good cause."

I have not considered defendant's contention in opposition to this application that the sought material is confidential.

The motion to amend the complaint is granted.

Settle order.