### PARK & TILFORD DISTILLERS CORPORATION (successor to Park & Tilford Import Corporation), Plaintiff,

v.

### UNITED STATES of America, Defendant.

United States District Court
S. D. New York.
May 16, 1957.

Cravath, Swaine & Moore, New York City, for plaintiff, John D. Calhoun, New York City, of counsel.

Paul W. Williams, U. S. Atty., New York City, for defendant, Amos J. Peaslee, Jr., Asst. U. S. Atty., New York City, of counsel.

SUGARMAN, District Judge.

Park & Tilford Distillers Corporation (successor to Park & Tilford Import Corporation) in an action against the United States for a refund of taxes moves "for an order, under Rule 34, F.R.Civ.P. [28 U.S.C.A.], requiring defendant, United States of America, to produce and to permit plaintiff to inspect and copy all documents in the possession, custody or control of defendant pertaining to alleged OPA price ceiling violations in the years 1942, 1943 and 1944, by Park & Tilford Distillers Corporation [P&T], or its predecessor, Park & Tilford Import Corporation [Import], including those that have heretofore been released from the National Archives to the Chief Counsel, Internal Revenue Service, to the Tax Division, Department of Justice, or to representatives of the Joint Committee on Internal Revenue Taxation."

The materials sought fall into three categories, viz., "(a) correspondence, memoranda and documents passing between P&T or Import and OPA; (b) correspondence, memoranda and documents passing within P&T or Import; and (c) correspondence, memoranda and documents passing within OPA."

The government states that it has no objection to the plaintiff examining and copying the papers in category (a); that there are no papers in category (b) in the files; but it claims that it should not be required to discover to plaintiff the materials designated in category (c).

■ The United States contends that no "good cause" for the production of the materials as required by F.R.Civ.P. 34 has been shown by the movant and further that if the court should require the production of these papers, it would compel the defendant to produce the work product of its attorney.

"Good cause" has been shown in that these documents appear to be relevant to the issues, are or may lead to admissible evidence, and are not otherwise available to the plaintiff.

The United States claims that the papers in category (c) are protected by the rulings of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.

■ That case dealt with an attempted discovery and inspection of materials prepared or formed by an adverse party's counsel in the course of his legal duties. We then must assume defendant's position to be that the papers here sought were trial preparation materials assembled by the OPA for use in any contest that might develop in litigation wherein the OPA might be a party. It cannot be said that these papers werc gathered by the United States Attorney as part of his preparation for the instant case and therefore within the "work product privilege" because they were made available to the government only through plaintiff's cooperation and in effect were supplied to the defendant's counsel by the movant.

This raises the question whether such papers as internal correspondence, memoranda and documents of a government agency are necessarily privileged against discovery because government attorneys were instrumental in preparing some or all of them.[1]

■ The defendant here pleads "professional privilege"[2] and also relies on "governmental privilege"[3] as well.

The answer to the claim of professional privilege is found in Hickman v. Taylor, 329 U.S. at pages 511–512, 67 S.Ct. at page 394:

"We do not mean to say that all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases. Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had. Such written statements and documents might, under certain circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts. Or they might be useful for purposes of impeachment or corroboration. And production might be justified where the witnesses are no longer available or can be reached only with difficulty. Were production of written statements and documents to be precluded under such circumstances, the liberal ideals of the deposition-discovery portions of the Federal Rules of Civil Procedure would be stripped of much of their meaning. But the general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order."

The movant here has carried that burden.

The bare claim of government privilege does not suffice without more to bar

---

1. For this motion it is assumed that attorneys prepared or gathered all the papers in category (c) although there is nothing to show that any of them was prepared or gathered by lawyers.

2. 2 Moore's Fed.Prac., para. 26.22[1], p. 1085.

3. 2 Moore's Fed.Prac., para. 26.25, p. 1160.

a discovery and inspection by the plaintiff of the items in category (c).

" '[I]nspection of government documents should be permitted', in a suit to which the United States or an officer or agency thereof is a party, 'unless the court is satisfied that it would be against public policy to do so.' Although the Government's claim of privilege is entitled to respectful consideration, as outlined above, the determination of that privilege is for the court, not the Government, in an action in which the Government is a litigant."[4]

Nothing in the papers on this motion satisfied me that public policy dictates that the material sought should not be inspected by plaintiff.

The motion is granted. Settle an order.

See, also, 127 F.Supp. 730.

4. 2 Moore's Fed.Prac., para. 26.25[6], p.1176.