UNITED STATES of America

v.

JERROLD ELECTRONICS CORPORATION, National Jerrold Systems, Inc., Jerrold-Northwest, Inc., Jerrold-Southwest, Inc., Jerrold-Ohio, Inc., Jerrold Mid-Atlantic Corporation, and Milton Jerrold Shapp.

Civ. A. No. 22080.

United States District Court
E. D. Pennsylvania.

Dec. 3, 1958.

Harold K. Wood, U. S. Atty., Philadelphia, Pa., Victor R. Hansen, Asst. Atty. Gen., Wilford L. Whitley, Jr., John F. Hughes, Attys., Dept. of Justice, Washington, D. C., for plaintiff.

Israel Packel, Speiser, Satinsky, Gilliland & Packel, Philadelphia, Pa., for defendants.

EGAN, District Judge.

In this civil action, the plaintiff, United States of America, has alleged violations of the Sherman Act (15 U.S.C.A. §§ 1, 2) and the Clayton Act (15 U.S. C.A. § 14). The gist of the complaint is that the defendants require operators of community television antenna systems to purchase equipment on a total requirement basis and to purchase Jerrold equipment exclusively, and to subscribe to defendants' engineering service as a condition of obtaining any equipment manufactured by the defendants.

After a general denial of these allegations, the Government served interrogatories upon the defendants which were answered. The defendants then filed 26 interrogatories, of which numbers 1, 5 and 11 were answered and objections were filed to the remainder. Subsequent to the filing of the objections, the defendants, at oral argument, temporarily withdrew interrogatory No. 26.

The basic contention of the Government in objecting to the interrogatories is that the information desired is privileged since it would require divulging the names of confidential informants and complainants.

The Government feels that to supply these names at present will result in the defendants' taking possible economic reprisals against these people and that this will prevent the Government from securing them as witnesses at the trial.

This argument is countered by the defendants who claim that they do not seek the names of informers but only information relating to the various offenses alleged to have been committed by them and the persons involved therein. The defendants also state that the mere as-

sertion of privilege by the Government standing alone is not enough, and since privilege is based upon public policy, the Court must weigh the interests involved herein.

■ This problem has arisen frequently in civil anti-trust cases and the claim of privilege can only be determined on the facts in the particular case. The Government, in this type of litigation, even though it is subject to discovery rules, is acting in its sovereign capacity. However, it is for the Court to determine whether or not a privilege exists. Mitchell v. Roma, D.C.E.D.Pa.1958, 22 F.R.D. 217.

■ Generally, it is the character of the information sought that determines and controls whether a privilege exists. When the information sought relates to the details of the case against a defendant which will eventually be brought out at trial, as is the case herein, such information should be given.

The Government here is not asserting an absolute or general privilege as was stated in United States v. Kohler Co., D.C.E.D.Pa.1949, 9 F.R.D. 289, but is willing to supply the names of witnesses thirty days prior to trial or such other reasonable time as the Court may direct. While this may not be a complete waiver of the privilege position taken by the Government, it would seem that the Government is still attempting to limit the discovery time period. This may not only hamper the preparation of the defendants' case but may result in the eventual delay in the trial.

■ The Court feels, upon consideration of the arguments advanced, that the defendants are entitled to the information requested. In the case of United States v. Shubert, D.C.S.D.N.Y.1951,

11 F.R.D. 528, the Court directed the Government to answer interrogatories stating the names of the persons involved in the charges made by the Government and that the defendant was entitled to know the transactions on which the Government will rely to sustain the charges, which is similar to the interrogatories asked here. Therefore, plaintiff's objections to interrogatories numbers 2, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24 and 25 are overruled.

■■ Plaintiff has objected to interrogatories numbers 3 and 4 on the ground of irrelevancy since they relate to the use of antenna equipment in other fields, such as apartments, hotels, military reservations, etc. However, interrogatories should not be disallowed on the ground of irrelevancy unless the inquiry is clearly outside the scope of the case. This question may have some bearing on the issue of the dominance of the defendants in the community antenna field and the availability of equipment and is not clearly beyond the scope of this case.

■ As to interrogatories numbers 22 and 23, plaintiff claims they are irrelevant because they relate to the identity of individuals who refused or were unwilling to comply with Jerrold's alleged demands, but were able to continue or maintain an antenna system. This question certainly relates to the very issue involved herein, namely, the alleged violations, even though these individuals may not have been the victims of the defendants' alleged acts.

Therefore, upon consideration of the briefs and oral arguments, the Court overrules plaintiff's objections to defendants' interrogatories and directs that an answer be filed within 30 days from the date hereof.