**UNITED STATES of America**

v.

**SAN ANTONIO PORTLAND CEMENT COMPANY.**

**Civ. A. No. 3080.**

United States District Court
W. D. Texas,
San Antonio Division.

Sept. 19, 1963.

---

Robert L. Handros, Tax Division, Dept. of Justice, Washington, D. C., Ernest Morgan, U. S. Atty., San Antonio, Tex., for plaintiff.

A. N. Moursund, Moursund, Ball & Bergstrom, San Antonio, Tex., Robert J. Bird, Bird & Thompson, Washington, D. C., for defendant.

SPEARS, Chief Judge.

This suit was brought by the Government against the defendant taxpayer to recover an allegedly erroneous refund of more than one million dollars of Federal income tax covering the taxable years 1953 through 1956.

The motion presently before the Court was filed by the defendant under Rule 34, F.R.Civ.P., to require the Government to produce certain intra-office reports, memoranda, or other documents of the Internal Revenue Service, for inspection and copying.

During the four years involved, the defendant was engaged in the business of mining limestone cement rock from a quarry which it owns, manufacturing Portland cement from said limestone cement rock, and selling the Portland cement.

In computing its taxable income for each of the four years, the defendant was allowed a deduction of percentage depletion as a percentage of its gross income from sales of manufactured Portland cement.

At the time the refund was approved, the Cannelton [1] case was pending before the United States Supreme Court. In its decision subsequently rendered, that Court held that the percentage depletion allowance should be based on the value of the limestone rock as mined from the quarry, and not on the higher amount realized after the rock had been manufactured and sold as cement.

As a consequence, the Government now contends that the amount of percentage depletion should have been determined by this taxpayer as a percentage of gross income from the mining of limestone cement rock, as if the taxpayer were selling limestone cement rock mined from its quarry to itself for fabrication into Portland cement, rather than on the basis of its gross income from sales of manufactured cement.

The taxpayer's position is that the refund claim was reviewed by and through all the various administrative levels of the Internal Revenue Service, and that payment thereof was finally authorized by the Secretary of the Treasury only after the Joint Committee on Internal Revenue Taxation of the Congress of the United States had given its approval, as required for all refunds in excess of $100,000.

Taxpayer says that the documents it seeks in this proceeding are needed so that it can prepare its defense by determining the exact factual and legal basis on which the Government claims the refund was erroneously paid.

The Government opposes the motion to produce on the ground that all docu-

1. United States v. Cannelton Sewer Pipe Co., 364 U.S. 76, 80 S.Ct. 1581, 4 L.Ed.2d 1581 (1960).

ments, except the report of the I.R.S. examining agent, occupy an executive or attorney-client "privileged" status, or come under the attorney's "work-product" doctrine.

In view of the facts in this case, I have concluded that the defendant's motion should be granted and the documents produced as demanded.

At the outset, I think it is significant that the Government itself is the moving party and most certainly has an obligation to see that justice is done.[2]

The documents sought by the defendant appear to be relevant to the issues involved in this lawsuit; they are, or may lead to, admissible evidence; they have already been furnished to the Joint Committee on Internal Revenue Taxation; and they are not otherwise available to the defendant.[3] An *in camera* examination reflects that these documents do not reveal any military or state secrets, nor would their production threaten the National Security in any

way.[4] They relate only to the allowance of a refund of taxes to the defendant and no contention otherwise has been made.

It would be unconscionable, under the circumstances, for the Government to be permitted to prosecute this suit challenging its own prior determination of defendant's tax liability, and then invoke governmental or attorney-client privileges, or the attorney's work-product doctrine, to deprive the defendant of matters which might be material to its defense.[5] In this type of case the defendant should not be kept in the dark, but, on the contrary, a full disclosure should be made.[6]

Since it is my opinion that the situation here presented is not appropriate for the claim of privilege, and that good cause for the production of the documents has been shown to exist, the Plaintiff is ordered to permit the Defendant and its counsel to inspect and copy the following documents:

2. See United States v. Reynolds, 345 U.S. 1, 12, 73 S.Ct. 528, 97 L.Ed. 727 (1953); and United States v. Continental Can Co., Inc., 22 F.R.D. 241, 245 (S.D.N.Y.1958).

3 See Firemen's Fund Indem. Co. v. United States, 103 F.Supp. 915 (N.D.Fla.1952); United States v. Grinnell Corp., 30 F.R.D. 358, 363 (D.R.I.1962), where there was a prior disclosure of a decision; Park & Tilford Dist. Corp. v. United States, 20 F.R.D. 404 (S.D.N.Y. 1957); and United States v. Jerrold Electronics Corp., 168 F.Supp. 146, 148 (E.D.Pa.1958), in which the Court held that when the information sought relates to the details of the case against a defendant which will eventually be brought out at the trial, it should be given.

4. See United States v. Reynolds, 345 U.S. 1, 7, 73 S.Ct. 528, 97 L.Ed. 727 (1953); Cresmer v. United States, 9 F.R.D. 203, 204 (E.D.N.Y.1949); Bank Line, Ltd. v. United States, 76 F.Supp. 801 (S.D.N.Y. 1948); O'Neill v. United States, 79 F. Supp. 827, 830 (E.D.Pa.1948); Wunderly v. United States, 8 F.R.D. 356 (E.D. Pa.1948).

5. See Southern Ry. Co. v. Campbell Co., 309 F.2d 569 (5 Cir. 1962); N. L. R. B. v. Capitol Fish Co., 294 F.2d 868, 875

(5 Cir. 1961); United States v. Swift & Co., 24 F.R.D. 280 (N.D.Ill.1959); Park & Tilford Distillers Corp v. United States, 20 F.R.D. 404 (S.D.N.Y.1957); Evans v. United States, 10 F.R.D. 255, 257 (W.D.La.1950); and Fleming v. Bernardi, 4 F.R.D. 270, 271 (N.D.Ohio 1941). Compare Kaiser Alum. & Chem. Corp. v. United States, 157 F.Supp. 939 (Court of Claims 1958), where the action was against the United States, and the Court concluded that the specific document sought constituted "intra-office advice on policy" and "played no part in the operative events" of the case; Machin v. Zuckert, 114 U.S.App.D.C. 335, 316 F.2d 336 (1963), in which the Government, as represented by the Secretary of the Air Force, was not involved in the basic litigation, but was merely a third party upon whom a subpoena had been served; and E. W. Bliss Co. v. United States, 203 F.Supp. 175 (N.D.Ohio 1961), which was a suit by the taxpayer against the United States, and the Court did not think that good cause for the production of inter-agency advisory opinions had been shown.

6. See Campbell v. Eastland, 307 F.2d 478, 485 (5 Cir. 1962).

**516**

(a) Action Memorandum and Supporting Statement of the Appellate Division of the Internal Revenue Service (October 23, 1958);

(b) Memorandum of the Regional Counsel of the Internal Revenue Service (December 17, 1958);

(c) Memorandum from the Appellate Division to the Audit Division, National Office of the Internal Revenue Service (December 19, 1958);

(d) Memorandum of Regional Counsel of the Internal Revenue Service (May 11, 1959);

(e) Memorandum from the Appellate Division to the Audit Division, Austin, Texas of the Internal Revenue Service (June 1, 1959);

(f) Memorandum of Engineer Revenue Agent William C. Hicks (June 5, 1959);

(g) Memorandum of Regional Counsel of the Internal Revenue Service (July 27, 1959);

(h) Memorandum of Engineer Revenue Agent William C. Hicks (August 10, 1959);

(i) Memorandum of Special Assistant to the Regional Counsel of the Internal Revenue Service (October 9, 1959);

(j) Memorandum of Regional Counsel of the Internal Revenue Service (October 15, 1959);

(k) Memorandum of the Chief Counsel of the Internal Revenue Service, Hart H. Spiegel, addressed to Dana Latham, then Commissioner of Internal Revenue (November 19, 1959);

at the office of Defendant's attorney in Suite 609, 1000 Connecticut Avenue, Washington 36, D. C., on October 1, 1963, at 10:00 a. m.

In addition, of course, the documents which plaintiff has offered to make available to defendant for inspection and copying should be produced. They are:

(a) A claim for refund filed by the defendant for each of the taxable years 1953 to 1956, inclusive; and

(b) A notice of adjustment for each of the taxable years 1953 to 1956, inclusive.

All photostats of documents in my possession including the ones offered to defendant by plaintiff, have been placed in a sealed envelope with my signature and the date written over the seal. Pending final disposition of this matter, the sealed envelope will be delivered to the clerk and held by him in confidence. If an appeal is allowed and taken the sealed envelope will be sent to the Appellate Court as a part of the record in the case.