Betty McDONALD, Texas McDonald, and Patricia McDonald and Christina Mc-Donald, Minors, by their Next Friend, Betty McDonald, Plaintiffs,

v.

Robert Wayne PROWDLEY and David Lee Prowdley, Defendants.

Civ. A. No. 4819.

United States District Court
W. D. Michigan, S. D.

Aug. 17, 1965.

1

---

Running & Wise, Traverse City, Mich., Patrick J. Wilson, Traverse City, Mich., of counsel, for plaintiff.

Allaben & Massie, Grand Rapids, Mich., Keith Vander Weyden, Grand Rapids, Mich., of counsel, for defendants Prowdley.

Frank J. Kelley, Atty. Gen., by Roland V. Remington, Asst. Atty. Gen., Lansing, Mich., for intervening State of Michigan.

FOX, District Judge.

This is a motion on behalf of the plaintiffs for production pursuant to Rule 34, Federal Rules of Civil Procedure, to give plaintiffs access to statements taken from certain witnesses who were occupants of a motor vehicle involved in an accident which is the subject matter of this suit, and to permit plaintiffs to inspect and duplicate photographs taken shortly after the time of the accident.

The facts of this case insofar as they pertain to this motion show that on October 20, 1963, plaintiffs Patricia and Christina McDonald, minors, were passengers in a car driven by defendant Robert Wayne Prowdley and owned by David Lee Prowdley. Due to alleged willful and wanton negligent operation of the vehicle, the car left the highway and collided with a building, causing severe injury to both of the plaintiffs.

The occupants of the car included both plaintiffs, defendant Robert Wayne Prowdley, and Gary Burden, Marcus May, Wanda Nelson and Barbara Landis. Another occupant, Thomas Ketz, was killed in the collision.

Plaintiffs seek statements taken from Robert Wayne Prowdley, Gary Burden, Marcus May, Wanda Nelson, and Barbara Landis.

Rule 34 provides for the production of such statements upon a showing of good cause. In the case of Crowe v. Chesapeake & Ohio R.R. Co., D.C., 29 F.R.D. 148, 149, the following discussion of good cause is found:

"In view of the liberal spirit of the rules, the court should be disposed to grant such discovery as will accomplish full disclosure of facts, eliminate surprise, and promote settlement. What must be shown under the requirement of good cause in Rule 34 are such circumstances as give the court reason to expect that the beneficial objectives of pre-trial discovery will be achieved.

"If significant countervailing considerations appear, of a sort not unlike those which justify protective orders under Rule 30(b), then indeed a balance of the competing interests must be struck and something 'special' must be shown by the movant. Thus in some instances the obligation of showing good cause may be satisfied with ease and in other instances not at all." Id. at 151.

In the instant case, the court finds that there has been a sufficient showing of good cause to warrant the production of the photographs and the statements of Robert Wayne Prowdley, Gary Burden, Marcus May and Wanda Nelson, but not that of Barbara Landis.

Production is not ordinarily granted merely to help in the examination of witnesses. Hauger v. Chicago Rhode Island & P.R. Co., 7 Cir., 216 F.2d 501; Carpenter Trant Drilling Company v. Magnolia Petroleum Co., D.C., 23 F.R.D. 257. And presumably this would ex-

tend to the purpose of impeachment, for which purpose plaintiffs wish to examine the statements of Robert Wayne Prowdley and Barbara Landis.

Barron & Holtzoff criticizes this, at least insofar as it may relate to impeachment (Vol. 2A, pages 429–430), although recognizing the problem that it is difficult to show that the documents will in fact be impeaching until the moving party has had an opportunity to see them.

Michel v. Meier, D.C., 8 F.R.D. 464, calls for production of records where they may be of assistance in the examination of witnesses.

Thus here, as in many areas of discovery, there is an apparent split as to what constitutes good cause. The solution to the question presently before the court is by consideration of Goosman v. A. Duie Pyle, Inc., 4 Cir., 320 F.2d 45, where the court found good cause and ordered production of prior written statements when the witness refused to say at deposition whether prior written statements agreed with facts stated in the deposition. The court found that there was ample reason to support the request and that plaintiff was entitled to production. Cf. Communist Party of the United States v. Subversive Activities Control Board, 102 U.S.App.D.C. 395, 254 F.2d 314.

In the Goosman case the witness *would* not say whether or not the prior statement conflicted with deposition testimony. *A fortiori*, in the instant case, the statement of Robert Wayne Prowdley will be ordered produced, since he *could* not state whether or not there was a conflict, because he could not remember significant details of the accident. Production is necessary then, not only to discover what details, if any, he did know of the accident, but also for impeachment purposes should he recall what happened some time before trial commences.

Since the deposition of Barbara Landis has not been taken, there is no showing of a possible inconsistency in her testimony, and this court is of the opinion that discovery of her statement for impeachment purposes, when nothing now exists to be impeached, would be too great an extension of the "good cause" requirement, under the facts of this case.

This court has had recent opportunity to examine the good cause requirement of Rule 34 insofar as it relates to statements taken from witnesses to an accident—see Brinks v. C & O R.R. (Civil Action No. 4702—W.D.Mich.). In that action the court found that the lack of disinterested eyewitnesses was a factor which could be considered in reaching a determination of good cause.

While no direct authority could be found for the proposition that the testimony of a witness would be unreliable if taken on deposition in a case involving possible liability of her fiancé, it is certainly presumable that this is a possibility of which the court can readily take cognizance, and, considering human nature as it did in the Brinks case, find good cause for production of an earlier written statement. Thus, the statement of Wanda Nelson will also be ordered produced.

As to Gary Burden and Marcus May, there is authority for the proposition that the difficulty of access to a witness or an unavailable witness is good cause for production of the statement. Morrone v. South Pac. Co., D.C., 7 F.R.D. 214; Hilton v. Contiship Corp., D.C., 16 F.R.D. 453.

Furthermore, the opinion of Judge Kent in Wilson v. David, D.C., 21 F.R.D. 217, is precisely on point as to these two parties, Judge Kent held that upon a showing that a party would be unavailable for deposition while serving in the Armed Forces of the United States, the statement made by such party to defendant's insurer would be ordered produced to plaintiff unless defendant within thirty days filed an affidavit stating the party was residing

within the jurisdiction of the court and giving his address.

At the oral argument on this motion, there was no dispute as to the fact that upon a showing that a party would be unavailable for deposition while serving in the Armed Forces of the United States, the statement made by such party to defendant's insurer would be ordered produced to plaintiff unless defendant within thirty days filed an affidavit stating the party was residing within the jurisdiction of the court and giving his address.

At the oral argument on this motion, there was no dispute at to the fact that these two witnesses are serving in the Armed Forces and are unavailable for deposition. Therefore, it is unnecessary to require an affidavit, as in Wilson.

■ ■■ It is alleged in plaintiffs' motion that defendants have in their possession photographs which show evidence of alleged misconduct on the part of plaintiffs, and, therefore, the materiality of these photographs is demonstrated.

Photographs taken contemporaneously, or nearly so, with the accident, obviously fall within this category. Helverson v. J. J. Newberry Co., D.C., 16 F.R.D. 330; McNelly v. Perry, D.C., 18 F.R.D. 360.

As to these photographs, the rule is fairly clear that when the information sought is unavailable from other sources, good cause is shown. Burke v. United States, D.C., 32 F.R.D. 213; Taylor v. Atchison, Topeka & Sante Fe Ry. Co., D. C., 33 F.R.D. 283.

Importantly, however, at oral argument counsel for defendants admitted that the photographs would probably be used at trial, in which case they would have to be disclosed and marked at the pretrial conference, in keeping with this court's standard pretrial order. Producing them somewhat in advance of that date works no hardship on defendants.

As indicated above, the photographs and statements of Prowdley, Nelson, Burden and May will be produced. An order may be presented in accordance with this opinion.