**ABEL INVESTMENT COMPANY, a Corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 71–L–171.**

United States District Court, D. Nebraska.

Oct. 26, 1971.

---

James W. Hewitt, Lincoln, Neb., for plaintiff.

Douglas G. Anderson, Washington, D. C., for defendant.

### MEMORANDUM

URBOM, District Judge.

This matter is before the court on the plaintiff's motion to compel production of documents, filing No. 10.

The plaintiff is suing the United States for recovery of allegedly erroneously assessed deficiencies in the plaintiff's tax returns for the calendar years 1958 and 1959. The plaintiff taxpayer has requested production of certain Internal Revenue Service documents, consisting of:

" * * * a copy of the revenue agent's report prepared by examining officer Harry E. Volpe and dated October 26, 1964, together with all schedules and exhibits attached thereto, all worksheets used in preparing said report, and all notes of conversations held between officer Volpe and others in the course of preparing said report; a copy of any report or memorandum dealing with said report of October 26, 1964, prepared by officer Volpe's group supervisor/chief, together with all schedules and exhibits attached thereto; a copy of any report or memorandum dealing with said report of October 26, 1964, prepared by the Review Staff of the Audit Division of the Omaha District Director's office of the Internal Revenue Service, together with all schedules and exhibits attached thereto; a copy of any report or memorandum dealing with said report of October 26, 1964, prepared by the Conference Staff of the Audit Division of the Omaha District Director's office of the Internal Revenue Service, together with all schedules and exhibits attached thereto; and a copy of any report or memorandum dealing with said report of October 26, 1964, prepared by the Appellate Division of the Regional Commissioner's office of the Internal Revenue Service."

The defendant objected on the grounds that:

(a) the documents have no legal relevance to the instant proceeding within the meaning of Rule 26(b) (1) of the Federal Rules of Civil Procedure;

(b) the documents constitute materials prepared in anticipation of litigation, and the plaintiff has shown no substantial need for the material or that the plaintiff is unable to obtain the substantial equivalent of the material by other means without undue hardship within the meaning of Rule 26(b) (3) of the Federal Rules of Civil Procedure; and

(c) production would contravene public policy.

Briefs have been submitted and oral arguments heard.

Since the 1970 amendments to the Federal Rules of Civil Procedure, there has been a paucity of cases construing new Rule 26. The major change brought about by the amendments has been to remove the "good cause" requirement for inspection of documents. Under old Rule 34, it was necessary to seek an order by the court before documents could be examined. New Rule 26 has removed this requirement and obviously contemplates discovery of documents without intervention of the court.

■ The defendant's first objection is that the documents are not relevant. The general rule seems to be that documents are relevant if they contain material evidence or might lead to material evidence. G & P Amusement Company v. Regent Theatre Company et al., 9 F.R.D. 721 (U.S.D.C.N.D. Ohio 1949); Timken Roller Bearing Company v. United States, 38 F.R.D. 57, 62 (U.S. D.C.N.D.Ohio 1964). An interpretation of relevancy should be liberal enough to effect the intent of the Rule, and

"* * * since decisions as to relevance to the subject matter of the action are made for discovery purposes well in advance of trial, a flexible treatment of relevance is required and the making of discovery, whether voluntary or under court order, is not a concession or determination of relevance for purposes of trial." Advisory Committee's Explanatory Statement Concerning Amendments of the Discovery Rules, 48 F.R.D. 487, 498 (1970)

■ The documents here sought are relevant, because they relate "to the claim or defense of the party seeking discovery, or to the claim or defense of any other party." Rule 26(b) (1), Federal Rules of Civil Procedure.

■ As the Committee noted, "apart from trial preparation, the fact that the materials sought are documentary does not in and of itself require a special showing beyond relevance. * * * On the other hand, the requirement of a special showing [for trial preparation materials] reflects the view that each side's informal evaluation of its case should be protected, that each side should be encouraged to prepare independently, and that one side should not automatically have the benefit of the detailed preparatory work of the other side." Advisory Committee's Explanatory Statement Concerning Amendments of the Discovery Rules, 48 F.R.D. 500–01 (1970).

The second objection asserted by the defendant is that the documents were prepared in anticipation of litigation and therefore are discoverable only upon showing of substantial need of the materials in preparation of the plaintiff's case and that the plaintiff is unable to discover the substantial equivalent of the materials by other means. The defendant takes the position that "a tax dispute begins when an individual return is randomly selected for survey." (Affidavit of S. B. Wolfe, defendant's exhibit 5.) Although there are several points at which dispute may be settled, some disputes may be resolved only by litigation. Because of this, the defendant presses the assertion that all documents and reports prepared at the various levels of the Internal Revenue Service procedure are prepared in anticipation of litigation and contain mental impressions, legal theories, and assessments of the strengths and weaknesses of the government's case.

■ The mere presence of mental impressions, conclusions and legal theories within documents cannot be determinative of whether the materials are in fact prepared in anticipation of litigation. Rule 26(b) (3) recognizes that some documents may contain mental impressions, conclusions and legal theories, even though the documents are not prepared in anticipation of litigation. Resolution of the question of what documents are prepared in such anticipation should be made by consideration of factors other than the mere presence of mental impressions, conclusions and legal theories, to the extent possible.

There is really little guidance as to just what constitutes documents prepared in anticipation of litigation. Under old Rule 34, it was common practice for courts to by-pass the question of whether material was prepared in anticipation of litigation, deciding instead that "good cause" had not been shown under old Rule 34.

In order to understand more fully the nature of the documents sought, it is

necessary to review the factual setting of the case.

The plaintiff is a Nebraska corporation. It seeks recovery of taxes paid for the tax years 1958 and 1959. On August 21, 1964, the District Director of the Internal Revenue Service assessed deficiencies for tax years 1958 and 1959 in the total amount of $90,651.52. On August 24, 1964, the plaintiff paid the deficiencies, with interest in the amount of $25,995.40, or a total of $126,646.92. The plaintiff claimed that it was due a refund in the amount of $58,609.58 and requested district and appellate conferences in respect to the claim. The dispute remained unresolved through the conference levels and the taxpayer has filed suit for refund of taxes allegedly overpaid.

The documents in question are reports prepared at the various levels of the settlement procedure by the officials who make determinations as to whether refund is warranted. In support of its contention that these reports are prepared in anticipation of litigation the defendant has submitted affidavits of the various hearing officers of the Internal Revenue Service. Each affidavit emphasizes that the reports contain findings both of fact and law and generally also contain an analysis of the government's position in the event of litigation. The affidavits also state that the records are routinely prepared in each case, and two of the affidavits stress that the determinations are made in an impartial manner with the reports analyzing the facts and law impartially as between the taxpayer and the government. (Defendant's exhibits 4 and 5.)

There are several factors which tend to lead to the conclusion that the documents the plaintiff seeks to discover are not prepared in anticipation of litigation:

(1) The reports are routinely prepared in each case and before filing of any lawsuit;

(2) They are not prepared by or at the direction of an attorney who would actually try the case if litigation should develop;

(3) If the reports are impartial as between the taxpayer and the government, they are not designed to be adversary in nature;

(4) The documents in all probability do not fix the government's theory of the case to be used at trial, because trial counsel should and undoubtedly would set the defense from all available facts and theories whether or not conceived and expressed by personnel at the various stages of the settlement process;

(5) The reports are not the result of the government's own investigative work but of evidence submitted both by the taxpayer and by the government.

In a case identical to this one, Peterson v. United States, 52 F.R.D. 317 (U.S.D.C. S.D.Ill.1971), production was ordered. In determining whether the materials sought were trial preparation materials, the court said:

" * * * Generally, it is this court's belief that IRS appellate conferee reports and IRS field agent reports are not prepared in anticipation of litigation or for trial. Presumably they are prepared in the assessment and review process and, if they be held to be in anticipation of litigation, it is hard to see what would not be. Litigation cannot be anticipated in every such case when relatively few result in litigation. Since no showing to the contrary has been made or offered, it is this court's finding that the contents of the documents sought to be discovered by the plaintiffs through Interrogatories Nos. 6 and 8 are not trial preparation material and are not protected from discovery by rule 26(b) (3).

"The defendant Government's argument that the documents sought to be

discovered consist entirely of mental impressions, conclusions, opinions or legal theories of representatives of the Government which are protected by rule 26(b) (3) is answered by the findings above. The language of rule 26 (b) (3) clearly shows that protection afforded to mental impressions, conclusions, opinions or legal theories is limited to documents that are trial preparation material. The documents of which discovery is sought herein have been found not to be trial preparation materials and thus are not protected by rule 26(b) (3) merely because they may contain mental impressions, conclusions, opinions and legal theories." 52 F.R.D. at pp. 320–321

See also United States v. San Antonio Portland Cement Co., 33 F.R.D. 513 (U.S. D.C.W.D.Texas 1963), and United States v. Cote, 326 F.Supp. 444 (U.S.D.C.Minn. 1971).

To some extent the government seems to be taking the position that because continuity can be shown from audit to litigation, in that each report is submitted to the person who must make the next determination in a process which may lead to trial, any report or document prepared by any link in the chain is prepared in anticipation of litigation. If this court were to so hold, it would indeed put the government in a position markedly advantageous to that of a private litigant. I think that any government agency whose determinations might lead to litigation could show the same continuity, as all serve the same master; but to hold that any intra-agency or inter-agency report which eventually could be relayed to the attorney who must try the case for the government is a report or document prepared in anticipation of litigation would be effectively to shield all government reports. This is, I think, clearly contrary to the intent of Rule 26.

■ The government further urges that the documents should be protected from disclosure as a matter of public policy because their disclosure would inhibit free and open discussion between officials. No contention is made that the documents contain secret material or that their disclosure would seriously compromise governmental security. Because the government's own affidavits state that the opinions written at the various levels are impartial and reflect the facts and law as the examiner finds them, I think that nothing in them should unduly embarrass the government. In Peterson v. United States, supra, the court at page 321, of 52 F.R.D. said:

"Furthermore, the Government argues that a full and candid evaluation by its employees would be deterred if the court allowed the discovery sought. This argument is not persuasive. The purpose of IRS audits and appellate conferee investigations is to determine whether the investigated taxpayer should be assessed additional tax and to determine what such assessment should be. In this court's view, the mere fact that such government documents may be discoverable in some possible subsequent litigation would not, and should not, have any significant effect on the validity of such documents."

This court finds that the requested material is relevant within the meaning of Rule 26(b) (1) and was not prepared in anticipation of litigation within the meaning of Rule 26(b) (3), and that production of it would not contravene public policy.

■ An order will be entered requiring production as requested by the plaintiff, but the defendant will not be required to pay the expenses incurred in obtaining the order because of the novelty of the issue and the substantial justification in opposing the motion.