*Decisions will be entered under Rule 155.*

NENA L. MATAU DVORAK, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7480-73.     Filed August 7, 1975.

*Joel Yonover,* for the petitioner.
*Alan M. Jacobson,* for the respondent.

OPINION

WILES, *Judge:* Respondent has objected to petitioner's motion under Rule 72, Tax Court Rules of Practice and Procedure,[1] for

production of three affidavits of third parties taken by special agents of respondent.

This case began when the Intelligence Division of the Internal Revenue Service investigated Milton N. Baromich (hereinafter Baromich) for filing false income tax returns for 1963 through 1965. During those years, Baromich was trustee of Calumet Township, Lake County, Ind. He failed to report kickbacks received from grocery store owners handling poor relief food orders issued by his office, resulting in his indictment for filing false income tax returns for 1963 through 1966. He pleaded guilty for 1963 and was sentenced on March 12, 1971.

Before sentencing, the court ordered Baromich to furnish information regarding kickbacks received by employees in his office while he was trustee. Petitioner, an employee of that office from 1964 through January 1966, was named by Baromich as being such a recipient, and an investigation of petitioner resulted. As part of that investigation, special agents of respondent obtained affidavits from Gerald Clement, Jerry Maroules, and Aron Pankowski, all of whom allegedly paid kickbacks to petitioner. Petitioner was indicted on June 10, 1971, for willfully and knowingly filing a false 1965 income tax return and was convicted on November 10, 1971, on a plea of nolo contendere. The explanation of adjustments in a notice of deficiency dated July 23, 1973, made the following statements regarding the alleged kickbacks received by petitioner:

(a) It is determined that during the taxable years 1964 and 1965, as an employee of the Calumet Township Trustee's Office, you received "kickbacks" in connection with fictitious purchase orders, supposedly for recipients on poor relief, in the amounts of $4,800.00 and $7,800.00, respectively, which was not reported on your income tax returns for said years. Accordingly, your taxable income is increased $4,800.00 for 1964, and $7,800.00 for 1965. The sources of the unreported income are as follows:

|  | 1964 | 1965 |
|---|---|---|
| Gerald Clement | | |
|     d/b/a Jerry's Superette | $1,800 | $1,800 |
| Jerry Maroules | | |
|     d/b/a Public Super-Mart | 3,000 | 3,400 |
| George Comsa | | |
|     d/b/a George's Foods | | 2,400 |
| Aron Pankowski | | |
|     d/b/a Three Star Super Market | | 200 |
|       Totals | 4,800 | 7,800 |

Respondent accordingly determined deficiencies in petitioner's income taxes of $988.55 and $1,601.59 for 1964 and 1965 and additions to tax for fraud for those years under section 6653(b)[2] of $494.27 and $800.79, respectively.[3]

On January 29, 1975, petitioner's counsel requested permission to inspect and copy or photograph any written or recorded statements made by Clement, Maroules, or Pankowski which were within the possession, custody, or control of respondent. Respondent objected on the grounds that the statements in question were prepared in anticipation of litigation and that portions thereof constitute or contain references to materials that would be used primarily for impeachment purposes. On March 17, 1975, petitioner accordingly moved under Rule 72 for an order requiring respondent to accede to petitioner's request.

Respondent now objects to production of these affidavits on the additional grounds that petitioner already has sufficient knowledge of the evidence which respondent relies upon and that all three affiants are available for interview by petitioner's counsel.

The case of *P. T. & L. Construction Co.*, 63 T.C. 404 (1974) (hereinafter *P. T. & L.*), is dispositive of and adverse to respondent's contentions. One of three documents sought for discovery therein was a transcript of an interrogation of a third-party witness. As in this case, fraud penalties under section 6653(b) were at issue, but no criminal prosecution resulted from an investigation by the Intelligence Division of the Internal Revenue Service.

Respondent contended in *P. T. & L.* that production of the third-party interrogation transcript was unwarranted because that interview was prepared in anticipation of litigation and because taxpayers' testimony might be modified in accordance with that document. This Court held that none of the material

---

[2] Statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.

[3] Respondent contends that petitioner filed fraudulent income tax returns for the years in issue with intent to evade tax and that income taxes and additions to tax due from petitioner can accordingly be assessed at any time under sec. 6501(c)(1), which provides, in part, as follows:

SEC. 6501. LIMITATIONS OF ASSESSMENT AND COLLECTION.

(c) EXCEPTIONS.—

(1) FALSE RETURN.—In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time.

was prepared in anticipation of litigation, relying principally on *Abel Investment Co. v. United States,* 53 F.R.D. 485 (D.Neb. 1971).

In *Abel,* taxpayer sought discovery of reports prepared by various employees of respondent, including a revenue agent and an appellate conferee. The court listed five factors, particularly relied on by this Court in *P. T. & L.,* which led to its conclusion that such reports were not prepared in anticipation of litigation, as follows (53 F.R.D. at 489):

1. The reports are routinely prepared in each case and before filing of any lawsuit;

2. They are not prepared by or at the direction of an attorney who would actually try the case if litigation should develop;

3. If the reports are impartial as between the taxpayer and the government, they are not designed to be adversary in nature;

4. The documents in all probability do not fix the government's theory of the case to be used at trial, because trial counsel should and undoubtedly would set the defense from all available facts and theories whether or not conceived and expressed by personnel at the various stages of the settlement process;

5. The reports are not the result of the government's own investigative work but of evidence submitted both by the taxpayer and by the government.

The holding of *P. T. & L.* with respect to the third-party interrogation transcript therein is dispositive of respondent's contention that these affidavits need not be produced because they were prepared in anticipation of litigation. At least three factors stated in *Abel* and relied upon in *P. T. & L.* are present here: (1) The affidavits were not prepared at the direction of an attorney who would try this case; (2) the affidavits are statements of fact, not adversary in nature;[4] and (3) the affidavits do not fix the Government's theory of the case because they are not made by attorneys, agents, or representatives of respondent and are merely statements of fact; indeed, the affidavits in this case stand on even a stronger basis than the question and answer transcript in *P. T. & L.,* since in that case questions were propounded by employees of respondent. As to the other two factors of *Abel,* respondent has not shown whether affidavits are routinely prepared in every investigation of potential fraud, when affidavits are generally prepared in such cases, or indeed when the affidavits were prepared in this case. Although these affidavits did result from respondent's own investigative work,

---

[4] An affidavit is "[a] written or printed declaration or statement *of facts."* (Emphasis added.) Black's Law Dictionary 80 (4th ed. 1970).

that one factor is insufficient to overcome the other factors cited above.

Respondent argues that *P. T. & L.* is distinguishable on two grounds. First, respondent has presented the facts and circumstances surrounding the third-party statements to support the claim that these statements were obtained in anticipation of litigation, whereas in *P. T. & L.* only conclusionary statements were offered. Although respondent has shown that specific grounds existed to investigate petitioner for possible fraud violations, we cannot equate such grounds with anticipation of litigation. Many investigations of possible fraud are closed without consequence to the taxpayer, and whether criminal or civil litigation will result in a particular case is certainly speculative when such an investigation commences. In *P. T. & L.,* for example, respondent also believed sufficient grounds existed to initiate an investigation for possible fraud, yet no criminal charges resulted. We accordingly find that the facts presented do not support respondent's position on this point.

Respondent also seeks to distinguish *P. T. & L.* on the ground that counsel for petitioner has located the three individuals involved, whereas in *P. T. & L.* one witness could not be located even with information furnished to petitioner's counsel by respondent. Petitioner, on the other hand, contends that the affiants will not respond to inquiries or have forgotten many details that are contained in the affidavits.[5] Both parties err, however, because their arguments attempt to incorporate into this Court's discovery procedure the requirements of rule 26(b)(3) of the Federal Rules of Civil Procedure, under which "work product" materials are discoverable if "the substantial equivalent of the materials" is unavailable.[6] Notes of our Rules

---

[5] Cf. *Southern Railway Co. v. Lanham,* 403 F. 2d 119 (5th Cir. 1968); *McDonald v. Prowdley,* 38 F.R.D. 1 (W.D.Mich. 1965); *Johnson v. Ford,* 35 F.R.D. 347 (D.Colo. 1964); *Parla v. Matson Navigation Co.,* 28 F.R.D. 348 (S.D.N.Y. 1961); *Brown v. New York, New Haven & Hartford R. Co.,* 17 F.R.D. 324 (S.D.N.Y. 1955); and *De Bruce v. Pennsylvania R. Co.,* 6 F.R.D. 403 (E.D.Pa. 1947), which consider such a factor under the "good cause" requirement of former rule 34 of the Federal Rules of Civil Procedure.

[6] Rule 26(b)(3) of the Federal Rules of Civil Procedure provides, in part, as follows:

* * * [A] party may obtain discovery of documents and tangible things * * * prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against

Committee to Rule 70(b) state that "the specific provisions for disclosure of such materials [prepared in anticipation of litigation or for trial] in FRCP 26(b)(3) have not been adopted." 60 T.C. at 1098. Whether the affiants have the ability or inclination to respond to petitioner's inquiries today is thus irrelevant under Rule 70(b).

Respondent also argues that witnesses presented by petitioner may alter their testimony to conform with the affidavits. This contention was advanced by respondent with respect to the third-party transcript in *P. T. & L.* and was rejected; respondent has made no effort to distinguish *P. T. & L.* on that ground. See *P. T. & L. Construction Co., supra* at 413; see generally 8 Wright & Miller, Federal Practice and Procedure, sec. 2015, p. 113 (1970). We accordingly reject respondent's impeachment contention.

Respondent also contends that petitioner already has sufficient knowledge to prepare a defense, especially in light of the detailed explanation of adjustment in the notice of deficiency. Analogous case law under rule 26 of the Federal Rules of Civil Procedure has clearly rejected this notion, which Professor Moore terms "anachronistic." 4 Moore, Federal Practice, sec. 26.59, p. 26-219 (1974 rev.). See, e.g., *Baim & Blank, Inc. v. Philco Distributors, Inc.,* 25 F.R.D. 86 (E.D.N.Y. 1957); *Bowles v. Safeway Stores,* 4 F.R.D. 469 (W.D.Mo. 1945). See also 8 Wright & Miller, Federal Practice and Procedure, sec. 2014, p. 109 (1970). Furthermore, the notice of deficiency gives no details as to the dates, places, and other circumstances of the alleged transactions, and petitioner's counsel has alleged no knowledge of such transactions. Respondent's contention would accordingly be unsupportable in this case, even if the argument could be considered generally acceptable, which it is not. Cf. *United States v. Jerrold Electronics Corp.,* 168 F. Supp. 146, 148 (E.D. Pa. 1958), an anti-trust case that we find especially analogous on this point because of respondent's burden of proof herein (sec. 7454(a); Rule 142(b)):

When the information sought relates to the details of the case against a defendant which will eventually be brought out at trial, as is the case herein, such information should be given.
　　＊ ＊ ＊

disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

In the case of United States v. Shubert, D.C.S.D.N.Y. 1951, 11 F.R.D. 528, * * * the defendant was entitled to know the transactions on which the Government will rely to sustain the charges * * *

Accord, *United States v. San Antonio Portland Cement Co.,* 33 F.R.D. 513, 515 n. 3 (W.D.Tex. 1963).

We accordingly order respondent to produce the affidavits.

*An appropriate order will be issued.*

