MARTIN v. N. V. NEDERLANDSCHE AMERIKAANSCHE STOOMVAART MAATCHAPPIJ et al.

United States District Court
S. D. New York.

Sept. 24, 1948.

Abraham M. Fisch, of New York City (Sidney Schiffman, of New York City, of counsel), for plaintiff.

George A. Garvey, of New York City, for defendant.

KAUFMAN, District Judge.

The plaintiff was injured while in the employ of the Jarka Corporation on a pier owned by the defendants. In aid of his suit for damages brought against defendants, plaintiff made two motions here. One of these sought the inspection of a hoisting block located on the pier where the accident occurred. This motion was opposed on the ground that the defendants had leased the pier to the Jarka Corporation and had therefore surrendered all control over the premises and the block. It appeared from the argument, however, that the Jarka Corporation operated the pier as agents for the defendants and the motion for inspection of the hoisting block was accordingly granted.

The second motion requests the inspection of a report made on behalf of the Indemnity Insurance Company of North America by Edward J. Vanderman of Sam Tour & Co., consulting engineers, in which the hoisting block was examined and surveyed after the accident occurred. Defendants urge that since the report was had at the instance of the Indemnity Insurance Company for and on behalf of the Jarka Corporation, not a party to this action, plaintiff is not entitled to its inspection under Rule 34, Rules of Civil Procedure, 28 U.S.C.A.

The Indemnity Insurance Company not only is the insurer of the Jarka Corporation, but of the defendants as well. Attorney for the defendants herein is also the lawyer of the insurer. It is clear that he possesses a copy of the report. The decisions under the Federal Rules allow full use of the discovery procedure to obtain information independently garnered by an

364

insurer, which find their way into possession of opposing counsel. Kane v. News Syndicate Company, D.C., 1 F.R.D. 738; Bough v. Lee, D.C., 29 F.Supp. 498; Price v. Levitt, D.C., 29 F.Supp. 164; Colpak v. Hetterick, 40 F.Supp. 350; Blank v. Great Northern Ry. Co., D.C., 4 F.R.D. 213. The plaintiff's motion is granted.

Settle order on notice.