## DENNHARDT v. HOLMAN et al.
### Civ. A. No. 3487.

United States District Court
D. Colorado.

Nov. 9, 1951.

Frank A. Bruno, H. D. Reed and Aldo G. Notarianni, Denver, Colo., for plaintiff.

January & Yegge, Denver, Colo., for defendant Louis Holman.

Johnson & Robertson, Denver, Colo., for defendants Wilbert Sherman and The American Cab, Inc.

KNOUS, District Judge.

The plaintiff instituted this action against Louis Holman and others to recover damages for injuries which were allegedly sustained by her in an automobile accident.

The plaintiff has filed a motion under Rule 34, Fed.Rules Civ.Proc. 28 U.S.C.A., for the production and inspection of a certain accident report heretofore made by the defendant Holman and presently in the hands of his attorneys.

■ It appears from the motion that Holman was insured by the General Accident Assurance Corporation. The terms of his policy required him to prepare and submit an accident report to the assurer. He complied with this condition and executed such a report on the accident herein involved which was delivered to the corporation. The motion alleges that this report was subsequently turned over to the attorneys who represent Holman in this action. Counsel for Holman have stated in open court that the original report has not been furnished to them, but that they do have a copy of it in their possession. Otherwise, the allegations of the motion are unchallenged. It thus will be

observed that the report in question was made in ordinary course and was not the work product or memoranda of counsel for defendants.

In determining whether or not the plaintiff's motion to produce under Rule 34 should be sustained under the particular circumstances herein attending, it is immaterial in the Court's view whether the original report or an admittedly true copy thereof is involved.

The legal principles involved in this question have been adjudicated a number of times; and the weight of authority favors the production of such a report where good cause is shown. Bough v. Lee, D.C., 29 F.Supp. 498; Price v. Levitt, D.C., 29 F.Supp. 164; Colpak v. Hettrick, D.C., 40 F.Supp. 350; Simper v. Trimble (photographs), D.C., 9 F.R.D. 598; Martin v. N. V. Nederlandsche Amerikaansche Stoonwaart Maatchappij, D.C., 8 F.R.D. 363. See also Herbst v. Chicago R. I. & P. R. Co., D.C., 10 F.R.D. 14.

■ Although no affidavits showing cause were filed independent of the motion to produce, the latter document was sworn to by the attorney for the plaintiff. It recites that the plaintiff is informed and believes that the report contains the names and addresses of witnesses to the accident, admissions on the part of Holman which are inconsistent with the defenses he has pleaded, and recites facts which are unknown to the plaintiff and of which he is unable to gain knowledge from any other source. Such allegations seem to meet the requirement for showing good cause for discovery under the authorities above cited.

While considerations of practical convenience are important, Gordon v. Pennsylvania Rd. Co., D.C., 5 F.R.D. 510, nothing appears in the present record to indicate that the submission of the report for inspection would impose any undue burden or hardship on the defendant Holman or his attorneys. Questions as to the admissibility of the report as evidence or its use at the trial are, of course, not for determination at this time.

It is, therefore, ordered and adjudged that the plaintiff's motion to produce be and the same hereby is granted and that plaintiff and her attorneys be permitted to inspect and copy or photograph such report under such reasonable arrangement as may be arrived at by counsel for both parties.