Rita JOHNSON and John L. Johnson,
Plaintiffs,

v.

Herbert FORD and Minnie Ford, d/b/a
Cherokee Dude Ranch, Defendants.

Civ. A. No. 8220.

United States District Court
D. Colorado.

July 3, 1964.

White & Steele, Roger C. Furst, Denver, Colo., for plaintiffs.

Yegge, Hall & Shulenburg, Charles W. Johnson, Denver, Colo., for defendants.

DOYLE, District Judge.

The plaintiffs have here moved, pursuant to Rule 34, F.R.Civ.P., for the production of certain statements of witnesses which are alleged to be in the possession of defendants' attorneys, but which were not taken by defendants' attorneys, and which are under the control of the defendants. These statements, it appears from the admission of defendants' counsel in open court, were made by witnesses to an accident occurring on July 29, 1961 at the Cherokee Dude Ranch in which Rita Johnson was injured. It is not contended that the statements were made to defendants' attorneys or to persons acting directly under the supervision of defendants' attorneys. The statements are the statements of witnesses who are not parties to the lawsuit made to persons, other than counsel, who were acting under the direction of the defendants. The client's privilege to preserve inviolate confidential communications made by him to his attorney, and his attorney's advice to him, is not involved here. Privilege, in other words, is not in issue here. Neither is it contended that the statements in question were taken by counsel in preparation for trial nor that the statements embody in any way the mental impressions of defendants' counsel or reveal his legal conclusions or strategy. The "work product" doctrine of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), is thus not involved here either. There is no question, in other words, of preserving inviolate the plans and analysis of counsel in preparation for trial.

What is involved here is simply the residuary meaning of the "good cause" requirement of Rule 34 in a case in which no special reason for refusing to permit discovery is advanced. "Good cause" in this context is not to be confused with the rather more stringent requirements imposed by Hickman v. Taylor in the case where the documents sought to be discovered are either privileged or constitute the "work product" of an attorney acting as such. The meaning to be given "good cause" in this circumstance is both highly discretionary and somewhat confused analytically. Precedents based on such cases as Hickman v. Taylor, wherein special reasons for refusing to permit discovery were present, are not applicable in such a case as the one at bar. Because the matter is so highly discretionary—the results varying from case to case depending on the specific facts shown to a particular judge—precedent in this area is sharply conflicting. More helpful is a soundly reasoned analysis of the reasons for permitting or refusing to permit discovery of witnesses' statements in general. Commentators have provided this analysis. Wright treats the problem as follows in § 87 of his treatise, Federal Courts (1963)

> "The most difficult and controversial requirement of Rule 34 is the showing of 'good cause'. There is good reason to require such a showing for production of original documents, or for such unusual forms of discovery as entry onto land, but there seems no more reason to require good cause as a prerequisite to production of a copy of a document than there would be to impose such a requirement on the other discovery rules which, save for Rule 35, are not so limited. Such a modification of the rule was proposed by the Advisory Committee in 1955 and has been adopted in several states, but the good cause requirement remains applicable in federal court.

> "The problem of what is good cause is complicated by a tendency to confuse it with the showing required to overcome the qualified immunity for trial preparation materials created by the case of Hickman v. Taylor. A showing of good cause is required under Rule 34 in all cases. The Hickman rule demands a special showing of necessity or justification before production will be ordered of documents falling within its scope, in accordance with a public policy of preserving the independence of lawyers. Similarly an especially rigorous showing of necessity is required where there is a qualified privilege, such as that for government secrets, or where there is some policy against disclosure of a particular kind of information, such as the policy of preserving the secrecy of grand jury proceedings. These special situations require a stronger showing than is implied by good cause in the ordinary case, though courts have used the terms 'good cause' indiscriminately in both situations, and have applied precedents developed in one to the other.

> "Though there are many cases in point, there is as yet no settled understanding of what 'good cause' means in the ordinary case. In the Hickman case Justice Jackson, concurring, said: 'It seems clear and long has been recognized that discovery should provide a party access to anything that is evidence in his case.' It would seem to follow that, where the special considerations applicable to a lawyer's work product are not present, a showing that the documents in question are or might lead to admissible evidence, and that they are not otherwise available to the moving party, is a sufficient showing of good cause. Some courts have gone beyond this, and seem to suggest that, where the work product or other limiting doctrine is not

involved, good cause is established by showing simply that the papers sought are otherwise unavailable and are relevant to the subject matter of the action. Other cases, including all the decisions in point from courts of appeals, reject this, and require some special circumstances in addition to relevancy to establish good cause * * *" Wright, Federal Courts at 337–38.

We are of the view that the reconciliation of these conflicting views attempted by Judge McCree in Crowe v. Chesapeake & O. Ry. Co., 29 F.R.D. 148, 150–151 (E.D. Mich. 1961) is an accurate statement of the guiding principle properly applicable. He pointed out:

"The difficulty with the relevance-is-good-cause approach is that it interprets a portion of Rule 34 as redundant and thereby violates elementary canons of construction. The main objection to the good-cause-requires-special-circumstances treatment is that it reintroduces the sporting aspect which the Federal Rules were thought to have excised from judicial proceedings. * * *

" * * * Rule 34 is no more or no less restrictive than Rule 26 or 33. In view of the liberal spirit of the rules, the court should be disposed to grant such discovery as will accomplish full disclosure of facts, eliminate surprise, and promote settlement. What must be shown under the requirements of good cause in Rule 34 are such circumstances as give the court reason to expect that beneficial objectives of pre-trial discovery will be achieved.

"If significant countervailing considerations appear, of a sort not unlike those which justify protective orders under Rule 30(b), then indeed a balance of the competing interests must be struck and something 'special' must be shown by the movant. Thus in some instances the obligation of showing good cause may be satisfied with ease and in other instances not at all."

Moore's analysis follows the same lines. He writes:

" * * * The courts have differed in their conception of what constitutes good cause for discovery of [reports of accidents and statements of witnesses] under Rule 34. The more liberal view is that expressed by Chief Judge Kirkpatrick in De Bruce v. Pennsylvania Railroad Co. [6 F.R.D. 403 (E.D.Pa.1947)], that it should not be necessary for a plaintiff 'to show more than that the accident occurred a considerable time, say a year ago, that the defendant through its claim department immediately interviewed witnesses and took statements, that the plaintiff was not in a position to do so until the bringing of suit and after the lapse of considerable time.' This view is based on the idea 'that the statement of a witness taken immediately after the accident, on the spot as it were, is a catalyst of unique value in the development of the truth through the judicial process.' * * *

* * * * * *

" * * * [The Hickman] decision is controlling * * * only where the 'work product' of the attorney is involved; the same degree of proof of good cause is not essential where what is involved is merely the production of statements of witnesses taken by a claim agent or other employees of a party or an insurer, or of accident reports handed in in the usual course of business. In such a case the more liberal view expressed by Judge Kirkpatrick should be followed * * *" 4 Moore, Federal Practice ¶34.08 at 2452, 2454

As applied to the instant case the reasoning of De Bruce is persuasive. The "good cause" adduced in oral argument before this Court in the instant matter is simply that the statements in question

were made by key witnesses to the accident shortly after the occurrence. Such near-contemporaneous statements, as Judge Kirkpatrick correctly observed, are unique catalysts in the search for truth. The witnesses are, to be sure, still available to all parties, but their original statements are unique, cannot fully be re-created, and are not, in this case, insulated from discovery by any special circumstances such as are present where privilege or the work product of a lawyer is involved. In the Crowe case, whose reasoning we find persuasive, it is to be noted that Judge McCree permitted discovery of written statements made by witnesses even though the witnesses continued to be available for the taking of depositions.

The liberal view of Judge Kirkpatrick in De Bruce, permitting discovery of witnesses' statements in a case analogous to the one at bar, seems to us to parallel the reasoning of the only similar reported case from this District which we have been able to find. In Dennhardt v. Holman, 12 F.R.D. 79 (D.Colo.1951), Judge Knous indicated that a mere allegation, on information and belief, that an accident report sought to be discovered, "contains the names and addresses of witnesses to the accident, admissions on the part of Holman which are inconsistent with the defenses he has pleaded, and recites facts which are unknown to the plaintiff and of which he is unable to gain knowledge from any other source" met the requirement for showing good cause under Rule 34. This ruling is hardly consistent, in our view, with the exacting "special circumstances" test applied by many courts. It seems eminently consistent, rather, with the view taken in Crowe and De Bruce, a view which takes cognizance of the difference between "good cause" in general and "good cause" in the "work product" case, and which exhibits greater fidelity to the spirit and intent of the federal rules. We are unwilling to countenance an interpretation of "good cause" in Rule 34 which would transform lawsuits into sporting contests, contests in concealment, rather than a search for all available truth.

For the reasons given above it is therefore,

Ordered that the defendants produce and permit plaintiffs to inspect and copy any written statements made during 1961 by the witnesses named in plaintiffs' motion.