**CONVERSION CHEMICAL CORPORATION**

v.

**DR.–ING. MAX SCHLOETTER FABRIK FUR GALVANOTECHNIK and Lea-Ronal, Inc.**

**Civ. No. 13266.**

United States District Court,
D. Connecticut.

Dec. 18, 1969.

Peter L. Costas, Hartford, Conn., for plaintiff.

R. William Bohonnon, New Haven, Conn., for defendant.

### RULING ON MOTION FOR PRODUCTION

BLUMENFELD, District Judge.

The plaintiff moves for an order requiring Lea-Ronal, Inc., a garnishee, to produce documents pursuant to Fed.R. Civ.P. 34. The question presented is whether a garnishee is a party within the meaning of that rule.

The concept of a "party" in Rule 34 has been held to extend to a liability insurer of the defendant. Wilson v. David, 21 F.R.D. 217 (W.D.Mich. 1957); Simper v. Trimble, 9 F.R.D. 598 (W.D.Mo.1949); Martin v. N. V. Nederlandsche Amerikaansche Stoomvaart Maatchappij, 8 F.R.D. 363 (S.D.N.Y. 1948). The interest of a garnishee in the proceedings against his creditor is similar to that of a stakeholder. On the other hand the interest of a liability insurer is the protection of its own assets, because of its obligation to defend and indemnify the defendant. Procedurally, the garnishee is brought into a case by virtue of process authorized by the court, but the insurer never becomes an identified party in the proceedings against its insured. The local rules [1] providing for attachment and garnishment are patterned after Connecticut's laws. Conn.Gen.Stats. § 52–330. The

---

1. See Local Rule 3(c) and Appendix A therein.

somewhat elaborate scire facias formalities under the succeeding sections of the state's laws are not followed by federal courts, although the relief scire facias affords may be obtained. See Fed.R. Civ.P. 81(b).[2]

■ Lea-Ronal, Inc. has been brought under the jurisdiction of this court by judicial process. A judgment may be rendered for or against it in supplemental proceedings linked to those now before the court, and even at the present pre-judgment stage the garnishee is obligated to submit to examination under oath, *cf.* Conn.Gen.Stats. § 52–334, and may submit evidence bearing upon its indebtedness to the defendant. Unlike the case of defendant's liability insurer, who is not under the jurisdiction of the court, a garnishee, who is, could properly be subjected to the sanctions provided for under Fed.R.Civ. P. 37.

■ The fact that one purpose of the plaintiff's motion is to obtain evidence to support jurisdiction quasi in rem against the defendant does not constitute a misuse of the judicial process; that is particularly so in this case, for the plaintiff had previously begun a direct suit against the garnishee as a defendant in a related case in which the dealings between the garnishee and the defendant are involved. Civ.No. 13,241.

■ Finally, the remedial purpose of the federal rules embodied in the command that "[t]hey shall be construed to secure the just, speedy, and inexpensive determination of every action," Fed.R. Civ.P. 1, strengthens my opinion that a garnishee is sufficiently a "party" to be subject to application of Rule 34. Accordingly, the plaintiff's motion for production directed against Lea-Ronal, Inc. is granted, and it is

So ordered.

2. Rule 81(b):
   "Scire Facias and Mandamus. The writs of scire facias and mandamus are abolished. Relief heretofore available by

mandamus or scire facias may be obtained by appropriate action or by appropriate motion under the practice prescribed in these rules."