**FEDERAL TRADE COMMISSION, Petitioner,**

v.

**William J. BRAMMAN, Jr., and Missouri Portland Cement Company, Respondents.**

**FEDERAL TRADE COMMISSION, Petitioner,**

v.

**Ralph BOTSFORD and Botsford Ready Mix Company, Respondents.**

**Nos. 19681-4, 19682-4.**

United States District Court, W. D. Missouri, W. D.

March 20, 1972.

---

MEMORANDUM AND ORDER GRANTING RESPONDENTS' MOTION TO COMPEL DISCOVERY AND DIRECTING PETITIONER TO PERMIT CERTAIN ORAL DEPOSITIONS AND TO PRODUCE CERTAIN DOCUMENTS

ELMO B. HUNTER, District Judge.

This matter is presently before the Court upon the motion of respondents pursuant to Rule 37, F.R.Civ.P., for an order of this Court compelling certain post-hearing discovery in this subpoena enforcement proceeding. Petitioner has filed suggestions in opposition to this motion which, among other things, incorporates its contentions set forth in its motion for protective order filed February 24, 1972.

On February 11, 1972, a full evidentiary hearing and trial was held in this cause to consider all issues relating to the enforcement of the petitioner's subpoenas duces tecum. At the close of that hearing, the parties were given a briefing schedule for the complete submission of the cause for adjudication. Before their post-trial materials were due under the schedule of the Court, respondents served notice of depositions upon two members of the Federal Trade Commission: Thomas F. McNerney, trial counsel; and Charles A. Tobin, Secretary of the Commission. Those persons were directed to appear at the offices of counsel for respondents in Washington, D. C. on February 25, 1972 and directed them to bring the following:

"All documents relating to the release of the Section 6(b) reports, or excerpts thereof, filed by Missouri Portland Cement Company and Botsford Ready Mix Company with the Commission in 1964; such public disclosure having been made to Mr. William P. Higgins, Wichita, Kansas on or about November 16, 1971, and including although not limited to the following categories of documents: (a) the

Bert C. Hurn, U. S. Dist. Atty., Kansas City, Mo., James P. Timony, F. T. C., Washington, D. C., for petitioner.

James F. Duncan, of Watson, Ess, Marshall & Enggas, Kansas City, Mo., J. Wallace Adair, Howrey, Simon, Baker & Murchison, Washington, D. C., for respondents.

application for release of such 6(b) reports or excerpts therefrom; (b) all internal documents relating to such release; (c) the Federal Trade Commission order or minute authorizing such disclosure; and (d) copies of the 6(b) reports or excerpts which were released to Mr. Higgins or any other member of the public.

"All documents relating to the public disclosure on or about February 11, 1972, of the above referred to 6(b) reports, including although not limited to the following: (a) internal documents requesting the public disclosure of such 6(b) reports or referring thereto, and (b) the order or minute of the Commission authorizing such public disclosure."

The stated purpose of this limited discovery relates entirely to the issue of whether the 6(b) reports filed with the Commission are confidential or not. Counsel for respondents claims that an inconsistency has arisen in the normal practices of the Commission concerning these reports and the testimony of representatives of the Commission during the hearing in this cause. As stated by counsel for petitioner in his brief of February 24, 1972, a primary issue in this cause is "whether the documents to be produced are so confidential that they should be covered by a highly restrictive protective order ('Mississippi River treatment')." Thus, the question of confidentiality has a direct bearing upon respondents' position in this cause concerning the treatment of its material by the Commission.

Basically, in opposing respondents' request for the discovery mentioned above, petitioner raises two contentions: (1) that respondents must exhaust their administrative remedies prior to securing the documents requested through the judicial process, and (2) that discovery is not appropriate in this summary proceeding to enforce the subpoenas duces tecum.

■ With regard to contention numbered (1) above, it initially should be noted that the documents sought by respondents relate entirely to the disclosure of their own "6(b)" reports by the Commission to third parties. The only "6(b)" reports which may be involved are those which already have been introduced into evidence in this proceeding. And, although petitioner asserts that respondents must first apply to the Commission before they obtain the documents in question through a judicial proceeding, in view of the Commission's present stance in this proceeding such administrative request would obviously be futile. Further, to hold that a party against whom an action has been brought by the Commission must first exhaust its discovery requests through administrative proceedings before making those requests in federal district court, would immunize the Commission from discovery in virtually all judicial proceedings. The Commission cannot, in this manner, create a barrier to federal pretrial discovery in an action brought by it against a private party.

■ The question of whether a privilege against disclosure attaches to the communications to the Commission and the "internal documents" of the Commission presents a different matter. Generally, there is no absolute executive privilege against disclosure of administrative reports and internal communications. Timken Roller Bearing Co. v. United States, 38 F.R.D. 57 (N.D.Ohio 1954); Freeman v. Seligson, 132 U.S. App.D.C. 56, 405 F.2d 1326 (1968); Rosee v. Board of Trade of City of Chicago, 36 F.R.D. 684 (N.D.Ill.1965). And, in cases wherein such requests for "internal documents" are made, there must be a judicial determination as to the "degree of necessity for disclosure shown by the private litigant" as opposed to "the importance of the maintenance of secrecy as to the particular privileged matter." 4 Moore, Federal Practice and Procedure ¶ 26.61[6.–4],

p. 26–317 (1971 ed.) ; Carr v. Monroe Mfg. Co., 431 F.2d 384 (5th Cir. 1970), cert. den. Aldridge v. Carr, 400 U.S. 1000, 91 S.Ct. 456, 27 L.Ed.2d 451; United States v. Gates, 35 F.R.D. 524 (D.Colo.1964) ; Continental Distilling Corp. v. Humphrey, 17 F.R.D. 237 (D. C.1955). If the necessity of disclosure vastly exceeds the asserted public interest in non-disclosure of such information, then the discovery of that information should be allowed.

■ As previously noted, the discovery sought by respondents through oral deposition and production of documents is very limited. Such discovery relates solely to the disclosure of respondents' own "6(b)" reports to third-party applicants. No information is sought with regard to the "6(b)" reports of other individuals and the documents and testimony sought bear upon the question of confidentiality raised in this proceeding. Thus, in view of the limited nature of the respondents' request and its relationship to the issues raised in this proceeding, it appears that the necessity for production far outweighs the interest of the Commission in non-disclosure.

■ There remains contention numbered (2) that discovery procedures are not applicable to these summary proceedings. Although summary procedures are contemplated in enforcement proceedings such as these, the Federal Rules of Civil Procedure are generally applicable to them. Daly v. United States, 393 F.2d 873 (8th Cir. 1968). And, the District Court has broad discretion in determining the extent to which the rules concerning discovery are controlling. United States v. Beneford, 406 F.2d 1192, 1194 (7th Cir. 1969) ; United States v. Troupe, 317 F.Supp. 416 (W.D.Mo.1970), aff'd 438 F.2d 117 (8th Cir. 1971). It is the opinion of this Court that the discovery sought by respondents should be granted. See: Kennedy v. Rubin, 254 F.Supp. 190 (N. D.Ill.1966).

Accordingly, for the reasons stated above, Petitioner is hereby ordered to permit the oral depositions and production of documents requested by respondents in the notice of February 18, 1972. For the purposes of this discovery, counsel for respondents is directed to limit his interrogation of the witnesses, in scope and type, to those questions previously asked in the deposition of March 2, 1972. Counsel for both parties are to arrange for a date and time for such deposition which is mutually satisfactory. The deposition should, however, be taken within the next seven (7) days. Within 5 days thereafter, respondents are directed to file their trial brief, proposed findings and other related documents.

It is so ordered.