

# THE ATTORNEY GENERAL
# OF TEXAS

December 29, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable Henry Wade
Criminal District Attorney
Condemnation Section
Services Building
Dallas, Texas    75202

Opinion No.  JM-595

Re:   Whether the governing body
of the Dallas Area Rapid Transit
Authority may meet in executive
session   to   discuss   documents
excepted from public disclosure
by section 3(a)(11) of the Texas
Open Records Act

Dear Mr. Wade:

On behalf of the Dallas Area Rapid Transit Authority you request
an opinion on the following question:

> Does the Open Meetings Act authorize the DART
> governing body and/or its official committees to
> discuss in closed executive sessions written eval-
> uations and recommendations of staff personnel
> (exempt from disclosure under section 3(a)(11) of
> the Open Records Act) with regard to the selection
> of professional consultants and the selection of
> competitive bidders, and the awarding of contracts
> to professional consultants and to competitive
> bidders?

The   Dallas   Area   Rapid   Transit   Authority   is   a   regional
transportation   authority   established   pursuant   to   article   1118y,
V.T.C.S.   The   authority   is   a   "public   body   corporate   and   politic,
exercising   public   and   essential   governmental   functions. . . ."
V.T.C.S.   art.   1118y, §10(a).   It has power to acquire, hold, and
dispose of real and personal property, to acquire, operate and
maintain a transportation system, to exercise the right of eminent
domain, to issue revenue bonds, and to charge fares to redeem the
bonds and pay costs of operating its facilities.  Id. §§10(d), (e),
(g), (j); 15.

The   authority   acknowledges   that   meetings   of   its   board   of
directors are subject to the Open Meetings Act, and we agree.   A
"meeting" subject to the act consists of

> any deliberation between a quorum of members of a
> governmental body at which any public business or

> public policy over which the governmental body has
> supervision or control is discussed or considered,
> or at which any formal action is taken. . . .

V.T.C.S. art. 6252-17, §1(a). The Dallas Area Rapid Transit Authority
is a special district. See Black's Law Dictionary, 5th Ed. (special
district is a limited government structure created to accomplish a
primarily local improvement); see also Attorney General Opinion H-238
(1974). It is therefore a governmental body within the Open Meetings
Act. V.T.C.S. art. 6252-17, §1(c).

Even a partial listing of the authority's powers evidences its
control over important public business and public policy. See, e.g.,
art. 1118y, §§10(a), (d), (e), (g), (j); 15. Its meetings are there-
fore subject to the Texas Open Meetings Act. Standing subcommittees
which deliberate on matters within the authority's jurisdiction are
also subject to the act. See Attorney General Opinions H-823 (1976);
H-238 (1974); H-3 (1973).

The Open Meetings Act provides in part:

> Except as otherwise provided in this Act or
> specifically permitted in the Constitution, every
> regular, special, or called meeting or session
> of every governmental body shall be open to the
> public. (Emphasis added).

Sec. 2(a). The underlined language was added in 1973. Acts 1973,
63rd Leg., ch. 31, at 45. In 1972, this office found in the attorney-
client relationship the basis for an implied exception to the require-
ment of open sessions. Attorney General Opinion M-1261 (1972). This
exception has been codified as section 2(e) of the Open Meetings Act.
Id.

This office has issued opinions considering whether a govern-
mental body may discuss in closed session information made confiden-
tial by statutes other than the Open Meetings Act. Attorney General
Opinions MW-578 (1982); H-1154 (1978); H-780 (1976); H-484 (1974).
See also Gillies v. Schmidt, 556 P.2d 82 (Colo. Ct. App. 1976) (cited
in Attorney General Opinion H-1154).

Your question does not raise this issue, since section 3(a)(11)
of the Open Records Act does not impose a duty on any governmental
body to withhold the records it covers. The Open Records Act provides
in part:

> Sec. 3. . . . .
>
> (a) All information collected, assembled, or
> maintained by governmental bodies pursuant to law
> or ordinance or in connection with the transaction

of official business is public information and
available to the public during normal business
hours of any governmental body, with the following
exceptions only:

(1) information deemed confidential by law,
either Constitutional, statutory, or by judicial
decision;

. . . .

(11) inter-agency or intra-agency memorandums
or letters which would not be available by law to
a party other than one in litigation with the
agency;

. . . .

Sec. 14. (a) This Act does not prohibit any
governmental body from voluntarily making part or
all of its records available to the public, unless
expressly prohibited by law; provided that such
records shall then be available to any person.

The Open Records Act does not in itself make any information
secret or confidential. Open Records Decision Nos. 216 (1978); 177
(1977); 22 (1973). The governmental body may waive exceptions to
public disclosure in the Open Records Act by failing to raise them or
by refusing to comply with the requirements for requesting an Open
Records Decision from the Attorney General's Office. Open Records
Decision Nos. 363 (1983); 150 (1977). Certain statutory, common law
and constitutional provisions do make particular information
confidential and prohibit a governmental body from disclosing it. See
Industrial Foundation of the South v. Texas Industrial Accident Board,
540 S.W.2d 668, 677, 683 (Tex. 1976), cert. denied, 430 U.S. 931
(1977). Records covered by these provisions are within the exception
in section 3(a)(1) for records made confidential by law. 540 S.W.2d
at 677. Section 3(a)(11), however, does not impose upon governmental
bodies a duty to withhold intra-agency memoranda; it merely permits
them to do so. Open Records Decision No. 363 (1983); see also Open
Records Decision No. 120 (1976) (student's right of access to his
education records prevails over section 3(a)(11) exception).

The Dallas Area Rapid Transit Authority does not violate the Open
Records Act when it holds public meetings to deliberate on the choice
of consultants and bidders. Attorney General Opinion MW-129 (1979)
(discussion of hiring professional consultants must be in open
session); see also A & A Construction Company, Inc. v. City of Corpus
Christi, 527 S.W.2d 833 (Tex. Civ. App. - Corpus Christi 1975, no
writ) (bids opened and read at public meeting); Attorney General

Opinion MW-254 (1980) (staff analysis of bids presented and discussed in open session of Board of Human Resources).

The brief submitted along with your request letter suggests that a constitutional executive privilege authorizes the Dallas Area Rapid Transit Authority to discuss intra-agency memoranda in executive sessions. The constitutional executive privilege does not, in our opinion, apply to the authority. In United States v. Nixon, 418 U.S. 683 (1974), the United States Supreme Court recognized a constitutionally based privilege protecting from discovery confidential communications between high government officials, in particular the president, and their immediate advisors. It is an open question whether the Texas Constitution provides such a privilege for high executive officers in Texas. A legislatively created special district is, however, subject to discovery proceeding to the same extent as private litigants. See Lowe v. Texas Tech University, 540 S.W.2d 297 (Tex. 1976); Texas Department of Corrections v. Herring, 513 S.W.2d 6 (Tex. 1974).

Section 3(a)(11) of the Open Records Act also has an "executive privilege" aspect, see Open Records Decision No. 308 (1982), but this differs from the constitutionally based executive privilege of United States v. Nixon. Section 3(a)(11) was intended to parallel the similar exception to the federal Freedom of Information Act, found at 5 U.S.C. section 552(b)(5). Attorney General Opinion H-436 (1974); Open Records Decision No. 251 (1980). Section 3(a)(11) and the corresponding federal provision except from disclosure memoranda or letters which could not be obtained through discovery by a private party in litigation with the agency. Open Records Decision No. 251 (1980). Federal cases have identified this privilege against discovery of intra-agency advice as an "executive privilege." This "executive privilege" is an evidentiary privilege based primarily on the common law, although recent federal cases suggest that the constitutional separation of powers doctrine may also support it. See generally, Environmental Protection Agency v. Mink, 410 U.S. 73 (1973). See also Federal Open Market Committee v. Merrill, 443 U.S. 340 (1979); Black v. Sheraton Corp. of America, 371 F. Supp. 97 (D. D.C. 1974); Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena, 40 F.R.D. 318 (D. D.C. 1966); United States v. Gates, 35 F.R.D. 524 (D.C. Colo. 1964); Kaiser Aluminum and Chemical Corporation v. United States, 157 F. Supp. 939 (U.S. Ct. Cl. 1958); Larkin, Federal Testimonial Privileges, §5.01 (1984); McCormick, Evidence, §108 (3d ed. 1984). As incorporated into section 3(a)(11) of the Open Records Act, the executive privilege protects from disclosure opinion, advice, and recommendation of subordinates to superiors. It does not create a testimonial privilege or provide a constitutionally based exception to the Open Meetings Act for the Dallas Area Rapid Transit Authority.

In answer to your question, we conclude that the Dallas Area Rapid Transit Authority is not authorized by section 3(a)(11) of the Open Records Act to discuss in executive session written evaluations

and recommendations about the selection of professional consultants and competitive bidders.

### S U M M A R Y

The Dallas Area Rapid Transit Authority is a governmental body subject to the Open Meetings Act, V.T.C.S. art. 6252-17. It is not authorized by either section 3(a)(11) of the Open Records Act, article 6252-17a, V.T.C.S., or a constitutionally based "executive privilege" to discuss in executive session written evaluations and recommendations about the selection of professional consultants and competitive bidders.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General